70 F.3d 118
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Jim ST. JOHN, Appellant,
v.
SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.
 No. 95-2213.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 7, 1995
Decided Nov. 17, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jim St. John works as a Communications Technician for Southwestern Bell Telephone Company ("SWBT"). SWBT requires its technicians to be "reasonably available" for after hours call-outs to restore telephone service in emergency situations. In January 1994, after SWBT reprimanded St. John for being consistently unavailable for call-outs, he filed this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. Secs. 201-219, to recover compensation for all time spent waiting for emergency call-outs.
 
 
 2
 Following completion of discovery, SWBT moved for summary judgment, arguing (among other theories) that St. John's deposition testimony proves "that he was not 'working' during the times in question." St. John filed a one-page Response and a one-page Brief in Support of Response in which he stated, "The facts are not being disputed, however, [SWBT] is erroneous in asserting that the case is governed by the Collective Bargaining Agreement."
 
 
 3
 The district court[1] granted summary judgment in favor of SWBT. The court noted that the relevant standard for determining if time spent sleeping, eating, or waiting on-call is compensable under FLSA is whether that time is spent "predominantly for the benefit of the employer." Henson v. Pulaski County Sheriff Dep't, 6 F.3d 531, 534 (8th Cir.1993); May v. Arkansas Forestry Comm'n, 993 F.2d 632, 639 (8th Cir.1993). See generally Armour & Co. v. Wantock, 323 U.S. 126, 132-33 (1944). Applying that fact-intensive standard to the undisputed facts of this case, the court concluded that St. John's waiting time is not compensable because (i) he is paid whenever he is called out, in accordance with the Labor Agreement between SWBT and the Communications Workers of America; (ii) he is free to do whatever he likes when not called out so long as he remains "reasonably available"; (iii) call-outs are infrequent, St. John is not required to be available at all times, and even when contacted he may refuse a call-out for good cause; and (iv) an employee who is available for less than one out of three call-outs will not be disciplined.
 
 
 4
 On appeal, St. John argues only that the district court erred in granting summary judgment based on the discovery depositions because there are unidentified material issues of fact concerning restrictions on his time that should have been fully developed at a trial. However, it is well settled that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Having reviewed the summary judgment record de novo, we conclude that the district court correctly applied the governing legal standard to undisputed facts of record. Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas